# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**DEMARKO HINKLE,**<br><br>　　　　　Defendant. | **Case No: 16-3077-02-CR-S-BCW** |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Timothy A. Garrison, United States Attorney for the Western District of Missouri, and Josephine Larison Stockard, Special Assistant United States Attorney, respectfully submits this sentencing memorandum in the above-captioned matter, set for a sentencing hearing on August 6, 2018. For the reasons set forth below, the Government recommends that this Court sentence the defendant to a total term of incarceration of 120 months – 60 months on Count 1 and 60 consecutive months on Count 16, and a five-year term of supervised release.

## I. BACKGROUND

On March 5, 2018, the defendant, Demarko Hinkle, pleaded guilty before United States Magistrate Judge David P. Rush to Count One of the Indictment, conspiracy to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 846 and Count 16, possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). On March 20, 2018, this Court accepted the plea of guilty. On June 5, 2018, the final Presentence Investigation Report (PSR, Doc. 205) was filed.

## II. LEGAL STANDARD

Although the Sentencing Guidelines are no longer mandatory, *United States v. Booker*, 543 U.S. 220 (2005), sentencing still begins with a properly calculated, advisory Sentencing Guidelines range. *See Gall v. United States*, 128 S. Ct. 586, 596 (2007); *Rita v. United States*, 127 S. Ct. 2456, 2464-65 (2007); *Booker*, 543 U.S. at 245-46; *United States v. Plaza*, 471 F.3d 928, 930 (8th Cir. 2006). Next, the Court must decide if a traditional departure under the Guidelines is appropriate, thus creating an advisory Guidelines sentencing range. *Plaza*, 471 F.3d at 930. After calculating the advisory Guidelines range, the Court considers that range, along with all the factors listed in 18 U.S.C. § 3553(a), in arriving at the final sentence. *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007); *Plaza*, 471 F.3d at 930.

## III. DISCUSSION

### A. Guidelines Calculations

The PSR finds the Guidelines imprisonment range for Count 1 is 60 months and the Guidelines range for Count 16 is 60 months consecutive to Count 1 and a Guidelines supervised release term of four to five years as to Count 1 and two to five years as to Count 16. (PSR 11-12, ¶¶ 59 and 63.) The Government concurs with these calculations.

### B. Statutory Sentencing Factors

This Court must "impose a sentence sufficient, but not greater than necessary" to address the factors enumerated in 18 U.S.C. § 3553, including the Guidelines issued by the U.S. Sentencing Commission. These factors include:

1. *Nature and Circumstances of the Offense*

Approximately 186 Americans die each day from a drug overdose, a total of 67,944 Americans died of drug overdoses in the period between September 2016 through September

2017.[1]  The statistics from the Centers for Disease Control and Prevention (CDC) paint a grim picture in relation to heroin and opioid overdoses.  The statistics show that between September 2016 and September 2017, the number of heroin deaths per annum had climbed to 15,301, and the total number of opioid deaths (including heroin, natural, synthetic, and semi-synthetic opioids) had jumped to 45,657.

Sadly, today's opioid epidemic has hit home in the State of Missouri.  The most recent statistics show that, in 2016, there were 908 Missourians who lost their lives due to an opioid overdose.[2]  One dose of heroin, which sells on the street for approximately $5 to $15, contains on average about .025 grams of heroin.  That individual dose can be fatal, depending on its purity.  To trigger a five-year mandatory minimum sentence, at least 100 grams of heroin must be involved in the offense, or in other words, approximately 4,000 doses of potentially fatal heroin.  *See* 21 U.S.C. § 841(b)(1)(B)(i).

This was a long-term investigation conducted by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and the Springfield, Missouri, Police Department (SPD).  From the beginning, it was clear that Robinson was a major player in what was, at the time, a smaller market for heroin in Springfield.  After Robinson went to prison in February of 2015, Hinkle continued the heroin business in an ever-growing market of addicts and worked with Victor Walton, Laura Brown, and Peter Kuhn.  In addition to selling heroin, Hinkle sold firearms to an undercover officer  who he thought was a fellow drug dealer three times during the course of this

---

[1]*Provisional Drug Overdose Death Counts*, the National Center for Health Statistics, the Centers for Disease Control and Prevention, available on from the CDC Website at https://www.cdc.gov/nchs/nvss/vsrr/drug-overdose-data.htm (accessed on April 26, 2018).

[2]Missouri state statistics are taken from the Missouri Department of Health and Senior Services Website, http://health.mo.gov/data/opioids/death-toll.php (accessed on April 26, 2018).

investigation and was arrested himself with in May 2014 with drugs and a firearm (PSR 7, § 37.) Drugs and firearms are often a lethal combination and the sale of drugs and firearms from one drug dealer to another represents a danger to those involved in the transaction and all of those around.

In one instance, the distribution of the heroin and firearms occurred in a local grocery store parking lot. The danger of a drug deal gone bad is not isolated to the willing participants. The circumstances of Hinkle and Walton's sale of a firearm illustrates the danger, had one of the participants not been an undercover officer, of what they were doing in this case. For his distribution of heroin and the danger in which he placed others, Hinkle should be sentenced to a term of at least 120 months.

        2.      *History and Characteristics of this Defendant*

Hinkle is only 27 years old and is a convicted felon based on an arrest that occurred during this investigation. His other offenses are relatively minor. However, Hinkle's criminal history understates what a danger he is. This investigation stretched over a long period of time and during that time, Hinkle was not deterred from his criminal contact by that law enforcement contact near the beginning of the investigation.

In addition, he did not stop, but instead escalated his behavior, after his girlfriend and the mother of his child overdosed and went to prison. Hinkle saw a business opportunity after Robinson went to prison and he took it. For the opportunistic nature of his offense and his failure to reform after contact with law enforcement, he deserves a punishment of at least 120 months.

3. *Need to Promote Respect for the Law, Need to Afford Adequate Deterrence to Criminal Conduct, and Need to Protect the Public from Further Crimes of the Defendant*

This defendant showed a deep disrespect for the law in his distribution of heroin even after several contacts with law enforcement. A 120-month sentence promotes respect for the law and acknowledges the harm caused by this crime and the reason for the laws that punish this conduct.

A 120-month sentence will also protect the public from Hinkle. Hinkle built his business after Robinson's arrest and has demonstrated that only arrest and incarceration stopped him from building that business further. Thanks to Robinson, Hinkle, and many others, the market now for heroin is even greater and even more lethal in the Springfield area. To protect the public from Hinkle's illegal entrepreneurial endeavors, a 120-month prison sentence is necessary. .

4. *Need to Provide the Defendant with Education, Vocational Training, or Other Correctional Treatment*

Hinkle needs a GED and drug treatment. The Government would support his participation in a program that would allow him to complete his GED and his participation on RDAP.

## IV. **CONCLUSION**

Section 18 U.S.C. § 3553 requires this Court to impose a sentence that considers the factors above, including the advisory Guidelines range. The Government respectfully requests that the defendant's behavior and history, the need to promote respect for the law, the need to deter criminal conduct, the need to protect the public from the defendant, and any other statutory sentencing factors be considered in reaching an appropriate sentence.

The Government respectfully requests that this Court impose a sentence of 120 months' imprisonment.

                                                  Respectfully submitted,

                                                  TIMOTHY A. GARRISON
                                                  United States Attorney

                                                  */s/ Josephine L. Stockard*
                                                  JOSEPHINE L. STOCKARD, Mo. Bar #63956
                                                  Special Assistant United States Attorney
                                                  Western District of Missouri
                                                  901 St. Louis Street, Suite 500
                                                  Springfield, Missouri 65806
                                                  (417)831-4406

## CERTIFICATE OF SERVICE

I hereby certify that on this the 27th day of July, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

                                                  */s/ Josephine L. Stockard*
                                                  JOSEPHINE L. STOCKARD

6

Case 6:16-cr-03077-BCW   Document 219   Filed 07/27/18   Page 6 of 6